```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CAROLETTE MEADOWS,

                    Plaintiff,
       -vs-                              No. 1:15-CV-00297 (MAT)
                                         DECISION AND ORDER
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.
_____
```

## I.  Introduction

Represented by counsel, Carolette Meadows ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.[1] For the reasons discussed below, plaintiff's motion is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## II.  Procedural History

The record reveals that in January 2012, plaintiff (d/o/b October 30, 1969) applied for DIB, alleging disability as of

---

[1] Plaintiff submitted her original motion for judgment on the pleadings on August 5, 2015. Doc. 10. She later moved to amend and correct her motion (Doc. 11) and submitted an amended memorandum of law with that motion. The Court granted plaintiff's motion to amend on August 28, 2015, and plaintiff's amended motion for judgment on the pleadings was deemed filed as of that date. Doc. 12.

January 2011. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge Bruce R. Mazzarella ("the ALJ") on September 26, 2013. The ALJ issued an unfavorable decision on December 12, 2013. The Appeals Council denied review of that decision and this timely action followed.

### III.  The ALJ's Decision

Initially, the ALJ found that plaintiff met the insured status requirements of the Act through June 30, 2015. At step one of the five-step sequential evaluation process, see 20 C.F.R. § 416.920, the ALJ determined that plaintiff had not engaged in substantial gainful activity since January 12, 2011, the alleged onset date. At step two, the ALJ found that plaintiff suffered from the following severe impairments: chronic back and neck discomfort; bilateral knee discomfort with a tear of the lateral meniscus of the left knee; fibromyalgia; left achilles tendon tear with surgical repair; asthma; Raynaud's disease affecting the feet; and obesity. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listing.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform a full range of sedentary work as defined in 20 C.F.R. § 404.1567(a), with various nonexertional limitations. At step four, the ALJ found that plaintiff was able to perform past relevant work as a bookkeeper or transfer clerk. Therefore, the ALJ

did not proceed to step five, and found that plaintiff was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhard, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

The issue in this case is whether new evidence provided by plaintiff to the Appeals Council rendered the ALJ's decision unsupported by substantial evidence. At the time of the ALJ's decision, issued on December 12, 2013, plaintiff's medical record mainly addressed physical impairments related to a January 2011 motor vehicle accident, in which plaintiff sustained back, neck, and right knee injuries. The record indicated that plaintiff pursued conservative care for the treatment of these injuries, and that her condition relative to these impairments improved over time. Considering the record before him, the ALJ determined that plaintiff retained the RFC to perform sedentary work with various attendant nonexertional limitations.

Subsequent to the ALJ's decision, plaintiff (who was not yet represented by counsel) submitted new evidence to the Appeals

Council which demonstrated that in late December 2013, just weeks after the ALJ's decision, she was hospitalized due to what was ultimately diagnosed as liver failure associated with a new diagnosis of lupus. The Appeals Council denied review of plaintiff's claim, indicating in its decision that it had considered the new evidence and found that it "[did] not provide a basis for changing the [ALJ]'s decision." T. 73. The new evidence, which contained one medical record exhibit totaling 61 pages, was added to the administrative record in this case. T. 478-538.

"[N]ew evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision." Perez v. Chater, 77 F.3d 41, 45 (2d Cir. 1996). When the Appeals Council denies review, "the ALJ's decision, and not the Appeals Council's, is the final agency decision." Lesterhuis v. Colvin, 805 F.3d 83, 87 (2d Cir. 2015) (internal citation omitted). Thus, in this case the question is whether the ALJ's decision is supported by substantial evidence, taking into account the complete administrative record including the new evidence.

To establish that she is entitled to a reversal and remand for consideration of the new evidence, plaintiff "must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied[,] and probative. The concept of

4

materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the Secretary to decide claimant's application differently." Jones v. Sullivan, 949 F.2d 57, 60 (2d Cir. 1991).[2]

Plaintiff's evidence meets the first requirement; it is new and not merely cumulative of evidence already in the record. See Shrack v. Astrue, 608 F. Supp. 2d 297, 302 (D. Conn. 2009) ("New evidence is any evidence that has not been considered previously during the administrative process."). The new evidence establishes that plaintiff was seen at the ER of Sisters of Charity Hospital on December 15, 2013, and was ultimately admitted to the hospital from December 16-17 and again from December 24-28. Plaintiff complained of abdominal pain which had persisted for four to five weeks, and stated that she had seen her primary care physician "within a week" of first experiencing symptoms. T. 508. Plaintiff's symptoms then worsened over approximately three weeks time, until she presented to the ER complaining of acute right upper quadrant and epigastric pain and exhibiting "worsening jaundice." Id. Plaintiff underwent testing, which revealed gall bladder thickening, acute autoimmune hepatitis, elevated anti-smooth muscle antibodies, and "hypoagulability secondary to liver failure which seem[ed] to be a result of a new diagnosis of lupus." T. 536.

---

[2] The additional "good cause" requirement discussed in Jones has since been removed. See 20 C.F.R. § 404.970(b); Shrack v. Astrue, 608 F. Supp. 2d 297, 302 (D. Conn. 2009) (discussing removal of this requirement).

Because the new evidence indicates that plaintiff's symptoms began some weeks prior to the ALJ's decision, and the diagnosis of lupus revealed an existing impairment substantially more severe than previously diagnosed and not considered by the ALJ, plaintiff's new evidence satisfies the materiality requirement. See Florek v. Comm'r of Soc. Sec., 2009 WL 3486643, *11 (N.D.N.Y. 2009) ("A diagnosis that post-dates an administrative hearing may be considered new evidence relating to the relevant time period only if it reveals that a claimant 'had an impairment substantially more severe than was previously diagnosed.'") (quoting Xu v. Barnhart, 2006 WL 559263, *7 (E.D.N.Y. 2006)) (citing Lisa v. Sec'y of Dep't of Health and Human Servs., 940 F.2d 40, 43 (2d Cir. 1991) ("[W]hen a diagnosis emerges after the close of administrative proceedings that 'sheds considerable new light on the seriousness of [a claimant's] condition,' evidence of that diagnosis is material and justifies remand.").

Plaintiff argues that the new evidence would likely affect the Commissioner's analysis of steps two and three of the sequential analysis. The Court agrees. On remand, the ALJ should consider at step two whether plaintiff's new diagnosis of lupus, along with any attendant diagnoses, are severe within the meaning of the regulations. See 20 C.F.R. §§ 404.1520, 404.1521. At step three, the ALJ should consider whether plaintiff suffers from any impairment which satisfies a listing, giving particular attention to the conditions described at 20 C.F.R. Part 404, Subpart P, Appendix 1, § 14.00, "Immune Systems." If the ALJ deems it

6

necessary, the ALJ should further develop the record by obtaining additional treatment notes and/or a treating or consulting physician's opinion as to plaintiff's functional limitations and, specifically, whether she suffers from any impairment to the degree described in a listing.

Because the Court has determined that remand is necessary on the basis described above, the Court will not reach plaintiff's argument regarding credibility. The ALJ must necessarily reassess plaintiff's credibility on remand, with the benefit of a complete administrative record.

**V. Conclusion**

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 15) is denied and plaintiff's amended motion (Doc. 11) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:   March 11, 2016
         Rochester, New York.